WILLIAM H. PONDER, Judge ad hoc.
This is an expropriation suit instituted by the plaintiff in accordance with the authority conferred by Article VI, Section 19.1 of the Constitution of Louisiana, LSA and the provisions of LSA-R.S. 48:441-48 :- *98 460, which contains the constitutional provisions and statutory authority for expropriation for highway purposes by a declaration of taking.
An exception of no cause or right of action was filed on behalf of the defendant. The basis of the exception is that the plaintiff failed to provide two or more persons to prepare an estimate of just compensation “who are familiar with land values in the vicinity of the property to be taken” LSA-R.S. 48:443. Particularly is the exception aimed at the fact that the appraiser used by the plaintiff was incompetent as not being familiar with land values in the area in which the property is sought to be expropriated.
There was deposited in the registry of the court, after the taking, the sum of $850 as compensation.
The defendant herein answered and prayed for the sum of $4,250 as the true market value of the property expropriated, together with the sum of $5100 severance dam-ages.
On trial had in lower court, there was judgment overruling the exception of no cause or right of action. There was judgment on the merits for an additional sum of $2,038 with legal interest thereon, representing the market value of the property taken and severance damages, in addition to the amount of $850 deposited, and fixing the fees of the four expert witnesses in the amount of $50 each. From this judgment the plaintiff prosecutes this appeal. Defendant has not answered the appeal.
The property .taken by these expropriation proceedings is a tract or parcel of ground consisting of .570 of an acre to be used in connection with State Project No. 5-08-21 in the Parish of St. Charles, Louisiana, on the approaches to Bayou Des Alle-mands Bridge on State Route La-US 90. This project begins at the east end of the proposed bridge and extends generally in a northeasterly direction along a new alignment to a junction with State Route La-US 90, a distance of approximately 1.018 miles.
Defendant owned a rectangular strip of land that had a frontage of 80 feet on the old US Highway 90, having a depth between parallel lines of 1009.98 and 971.50 feet respectively and containing 1.819 acres. The property which the plaintiff has taken in this proceeding cuts across and traverses the middle portion of this tract and contains .570 of an acre; leaving the defendant a tract to the north containing .878 of an acre and a tract to the south of that expropriated herein containing .371 of an acre. The evidence shows that the property taken has a southerly and northerly boundary between parallel lines of 82.81 feet and easterly and westerly boundaries between parallel lines of 310.52 feet.
We are of tíre opinion that the judgment of the lower court in overruling exception of no cause or right of action was correct. The word “familiar” is relative and the objection to the evidence of the plaintiff that the expert testimony was adduced by one not familiar with the property is not tenable, although it may be admitted that he was not as familiar with the property as those witnesses introduced on behalf of the defendant and his evidence might not be entitled to as much weight.
 The sole question presented to the court in this case is the market value of the property taken, together with any severance damages as to the remaining property by virtue of the taking. We think the legal principles involved in this case have been well established. In the case decided by the Supreme Court of State, Through Department of Highways v. Havard, 239 La. 133, 118 So.2d 131, 132, which has been adopted and followed in several subsequent decisions, the court held:
“[1,2] Generally, the measure of compensation to be awarded in expropriation proceedings is the market value of the property — that is, the price which would be agreed upon at a voluntary sale between an owner willing to sell and a purchaser willing to buy. *99 The best guide in determining the market value to which the owner is entitled under the law in expropriation suits is evidence of sales of similar or comparable properties in the vicinity. Housing Authority of Shreveport v. Green, 200 La. 463, 8 So.2d 295; Housing Authority of New Orleans v. Persson, 203 La. 255, 13 So.2d 853; Louisiana Highway Commission v. Israel, 205 La. 669, 17 So.2d 914; City of New Orleans v. Noto, 217 La. 657, 47 So.2d 36; City of Shreveport v. Abe Meyer Corp., 219 La. 128, 52 So.2d 445; Housing Authority of New Orleans v. Brinkmann, 224 La. 262, 69 So.2d 37; and State v. Tramuta, 234 La. 741, 101 So.2d 450.”
This leaves for determination the value of the property taken, together with any damage to the remaining property as severance damages for just and adequate compensation to be paid. LSA-Const. Art. 1, Section 2.
There were four expert witnesses, recognized as such by the lower court, who testified in this case, and their evidence is in agreement that the land has its highest value and best use for residential purposes.
In a very well written and well reasoned opinion by our learned brother of the district court there is set forth the history of property of the Des Allemand section, and from which opinion we quote in the following language:
“It appears that the community of Des Allemand has its origin along the high ground on each side of the old New Orleans and Opelousas R. R. Co. tracks. From this area the people branched out onto the ridges or fingers of land that ran out into the marshlands and bayous. The procedure was simple: firstly, a home at the point where the finger met a public way, originally the railroad, the bayou Des Allemand, then the highway; secondly, the clearing of the fingers to greater depths and the building of homes on this cleared area with a common road leading along the finger to the public way. This method of establishing a community has long since been the custom in Des Allemand, and all experts had to agree that it is still the prevailing practice.
“However, the complete utilization of the fingers, coupled with the draining of marsh and bayou between the fingers, has not made for an abundance of land in Des Allemand. In the late thirties^ oil was found all around Des Allemand and several large fields are in that area. The result is that the community is bounded on one side by Bayou Des Allemand and on all other sides by tracts of land that are not available for purchase: Certainly not available at prices which would ca' se such a purchase for home or business sites to be feasible. * # ‡»
We observe that in considering the market value of the property taken and the resulting severance damages, the plaintiff has introduced one expert, Mr. J. Louis Blouin, a realtor and appraiser who had only made one or two prior appraisals in the Des Alle-mand area during the past ten years; excluding the appraisals made in connection with the building of this project. He lived several miles from the property, and although he admitted that there was no acreage in the Des Allemand area for sale, he used only one comparable sale (1959) of other property on an acreage basis, in which he arrived at the figure of $1500 per acre as the market value of the property taken. He also testified that the remaining portions of the property were enhanced by the new highway being constructed. The lower court did not agree with him on this question, and neither do we, for the reason that defendant’s property already had a frontage on the old US Highway 90 and could be traversed from one end to the other. The proposed new highway would have an elevation of approximately 6 feet above the property and would be a four-lane highway through the center, and it would have no enhancement value as to the *100 property lying north of the proposed new highway and, in our opinion, would depreciate the value of that portion lying south of the proposed new highway for the reason that it would place it between the proposed new highway and a canal; and if any access were given to the highway, it would be an extremely dangerous and hazardous access.
On behalf of the defendant there was introduced the evidence of Mr. E. M. Collier, who was recognized as an expert by the lower court and who has been a surveyor in the Des Allemand area for thirty years. His evidence is that the new highway would not enhance the value of the property of the defendant on either side, and that the only ingress and egress from the lot lying south of the proposed highway would be onto the four-lane highway, which would have to be by a steep ramp.
The defendant also called as an expert Mr. A. Hamilton Payne, who had been in business in the parish since 1930 as a building contractor and real estate developer, and had appraised various properties throughout the parish for loans and construction purposes. His testimony was that he was familiar with the Des Allemand area for years and interested in developing a subdivision in Des Allemand. Further that there is no acreage in Des Allemand for sale or purchase, and he used as a basis for the market value of the property four comparable sales during 1959 and 1960, fixing the market value of an acre of the tract of land under consideration here at $4,500. His testimony also is that the .371 of an acre south of the highway renders it of little or no value, and that there was no enhancement of that property lying north of the proposed new highway.
The defendant also introduced as an expert appraiser in this case Mr. Charles S. Lagarde, Sr., who had been a banker for over thirty years. He had loaned money on this particular property and presently had some one hundred mortgages on land in the Des Allemand area; inspecting and appraising the various portions for loan purposes. Further, that property in this vicinity cannot be appraised solely on an acreage basis as it has its value largely in residential lots, which are very difficult to obtain as there is no property available in this Des Allemand area. He further testified that the property herein taken would sell as three lots, each worth from $700 to $1,000 each.
The lower court found as a question of fact that the .878 of an acre tract lying north of the acreage taken would demand and receive full market value, and that it was neither enhanced nor depreciated in value by the taking-. On the .371 of an acre tract lying south of the property taken, the court held that under normal conditions it would be held as valueless; however, in view of the scarcity of land in this area the court placed the severance damages at $331.
After giving careful consideration to the testimony of the experts herein and in the use of comparable sales, together with all other evidence in addition to the estimate of average valuation, we are of the opinion that the evidence preponderates that the market value placed thereon by the district court is correct, together with the amount of severance damages as set forth in its judgment.
Plaintiff herein contends that the court substituted its own opinion for that of the experts in fixing the severance damages in the amount of $331. We are of the opinion that there was a complete minimization of damages, and we do not consider this contention well taken.
Therefore, according to the facts as found in the record and the well settled principles of law governing, and for reasons herein assigned, we are of the opinion that the judgment appealed from should be affirmed. All costs are assessed against the plaintiff.
Affirmed.